**In re RJW LUMBER COMPANY, Debtor.**

**Raymond A. Carey, Plaintiff,**

v.

**Flintridge Lumber Sales, Inc., Defendant.**

**Bankruptcy No. 98–13417.**

**Adversary No. 00–1204.**

United States Bankruptcy Court, N.D. California.

March 19, 2001.

Douglas B. Provencher, Law Offices of Provencher and Flatt, Santa Rosa, CA, for debtor.

Edward G. Myrtle, Office of United States Trustee, San Francisco, CA, for Linda Ekstrom Stanley, United States Trustee.

Stephen P. Arnot, Philip M. Arnot, Inc., Eureka, CA, for Raymond A. Carey, trustee.

ALAN JAROSLOVSKY, Bankruptcy Judge.

### Memorandum of Decision

Debtor RJW Lumber Company filed a Chapter 11 petition on September 10, 1998, and its plan of reorganization was confirmed in 1999. RJW was unable to effectuate the plan, and the case was converted to Chapter 7 on September 8, 2000. Plaintiff Raymond Carey is the Chapter 7 trustee. In this adversary proceeding, he seeks to recover a prepetition preference paid to defendant Flintridge Lumber Sales, Inc.

Flintridge has moved the court for summary judgment on two grounds. First, it argues that confirmation of the plan is res judicata as to this adversary proceeding. Second, it argues that the right to bring the action vested with the debtor upon confirmation and did not revest in the Chapter 7 trustee upon conversion.

## I. Res Judicata

The court is not convinced of the merits of the res judicata argument for two reasons. First, the plan contains the following language:

> Confirmation of the Plan effects no settlement, compromise, waiver, or release of any Cause of Action unless the Plan or Confirmation Order specifically and unambiguously so provides. The nondisclosure or nondiscussion of any particular Cause of Action is not and shall not be construed as a settlement, compromise, waiver, or release of such Cause of Action.

Notwithstanding dicta in *In re Kelley*, 199 B.R. 698, 704 (9th Cir. BAP 1996), the court sees no basis in law for ignoring this express language. It is part of the judgment rendered by the court; if res judicata applies, it must apply equally to all parts of the judgment.[1]

■■■ Moreover, the court doubts that res judicata prevents a Chapter 7 trustee from recovering preferences in a case converted from Chapter 11 after confirmation of a plan, even if there had been no reservation of rights in the plan. In order for res judicata to apply, the parties must be identical. A Chapter 7 trustee has the duty, under § 704(1) of the Bankruptcy Code to collect and liquidate property of the estate. Neither a debtor in possession or a Chapter 11 trustee has such a duty. See §§ 1106(a)(1), 1107(a).

■■■ As a court of equity, this court is very reluctant to apply a technical legal doctrine to reach an inequitable result. The purpose of preference avoidance is the equitable distribution of an insolvent debtor's estate. Res judicata should not be applied to thwart the equitable goals of the Bankruptcy Code.

## II. Vesting

■■■ Some courts have taken the technical position that conversion of a failed Chapter 11 to Chapter 7 is pointless because there is no mechanism for returning property to the estate upon conversion. For this reason, the court usually makes such a provision in its confirmation order. The court did not do so in this case. However, the court does not believe that the Bankruptcy Code should be interpreted as making conversion meaningless.

■■■ Congress specifically made both inability to effectuate substantial confirmation of a confirmed plan and material default by a debtor with respect to a confirmed plan grounds for conversion of a Chapter 11 case to Chapter 7. 11 U.S.C. § 1112(b)(7), (8), (9). These provisions make no sense if there is no point to Chapter 7 administration. *See In re Smith*, 201 B.R. 267, 274 (D.Nev.1996), *aff'd* 141 F.3d 1179 (9th Cir.1998). The far better view, consistent with an integrated interpretation of the Code, is that upon conversion the Chapter 7 estate consists of all remaining assets held for the benefit of creditors. *In re Consolidated Pioneer Mortgage Entities*, 248 B.R. 368, 379–83 (9th Cir. BAP 2000).[2] In this case, the right to recover a preference was preserved and remains available for the benefit of creditors. The Code must be interpreted as allowing the Chapter 7 trustee to exercise it.

For the foregoing reasons, the motion to dismiss will be denied, and Flintridge shall file an answer within 20 days. Counsel for

---

1. Kelly did not involve a blanket reservation of rights. The only attempt at a blanket reservation the court can find which has been specifically held ineffective is vague language that "all causes of action which the debtor may choose to institute shall be vested with the debtor." *In re Hooker Investments, Inc.*, 162 B.R. 426, 433 (Bkrtcy.S.D.N.Y.1993). The language used by the debtor in this case was far more specific. No creditor could be "sandbagged" in this case into thinking that confirmation waived any claims against it.

2. While *Pioneer* may be distinguishable on its facts as Flintridge here argues, it nonetheless stands for the correct proposition that property revests in the Chapter 7 estate unless the Chapter 11 plan unambiguously provided to the contrary. Thus, where property has been sold pursuant to the plan it cannot be recovered by the Chapter 7 trustee. However, where property has not been transferred or hypothecated, such that it can be administered by the Chapter 7 trustee without infringing on the rights of third parties, it becomes property of the estate upon conversion.

Carey shall submit an appropriate form of order.